**STATE of Missouri, Plaintiff–Respondent,**

v.

**Eric Christopher THOMAS, Defendant–Appellant.**

No. 16891.

Missouri Court of Appeals, Southern District, Division Two.

March 28, 1991.

Ellen H. Flottman, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Chief Judge.

A jury found defendant guilty of assault in the first degree, § 565.050,[1] and he was sentenced to 10 years' imprisonment. Defendant appeals.

The conviction was based upon Count II of the information, which charged that the defendant, on or about November 6, 1988, in Scott County, "knowingly caused serious physical injury to Eric C. Thomas by placing hot, melting plastic on his bare stomach and thereby burning him." Count I of the information, on which the jury could not agree and which was later dismissed by the state, charged that the defendant, on or

1. All references to statutes are to RSMo 1986, V.A.M.S.

about November 5, 1988, in Scott County, "knowingly caused serious physical injury to Erica Bland by placing her bare stomach against a hot metal object causing burns in her chest and stomach area." Defendant is the father of Erica Bland and Eric C. Thomas. On the respective dates of the alleged offenses, Erica was two years old and Eric was one year old.

■ Defendant's sole point is that the evidence is insufficient to support the verdict, and the trial court erred in ruling otherwise, "in that the evidence failed to prove that the burn on Eric's stomach was caused by defendant's action and not by another person or in another manner."

In reviewing defendant's challenge to the sufficiency of the evidence, this court is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Dulany*, 781 S.W.2d 52, 55[3] (Mo. banc 1989). We accept as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *Id.*

A person commits a crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person. § 565.050.1. "Serious physical injury" means physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body. § 565.002(6). "A person 'acts knowingly', or with knowledge, (1) With respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist; or (2) With respect to a result of his conduct when he is aware that his conduct is practically certain to cause that result." § 562.016.3.

The state's witnesses were Caldonia Bland, Willie Harrington, Mark Hagen, and Emily Bland.

Caldonia Bland is the mother of Emily Bland, who is the mother of the two children. Caldonia Bland testified that on November 8, 1988, while taking care of the two children, she noticed that Erica was burned "real bad" on her stomach and Eric was burned on his stomach next to his navel. She asked Emily to take the children to the hospital, and Emily said she would do so. The next day Caldonia found out that Emily had not done so, and Caldonia, accompanied by Willie Harrington, an investigator for the Division of Family Services, took them to the hospital. Caldonia identified photographs of the two children, taken on November 9, 1988, which depicted their respective injuries.

Willie Harrington also identified the photographs of the children. He stated that the children were originally hospitalized in Sikeston but were later taken to a St. Louis hospital. Defendant does not challenge the sufficiency of the evidence with regard to the fact that Eric sustained serious physical injury.

Mark Hagen, a detective for the city of Sikeston, interviewed Emily Bland on November 9, 1988, after giving her the Miranda warnings. He obtained her written statement which was received into evidence, after Emily Bland had testified, as state's Exhibit 6.

Hagen also interviewed defendant after giving him the Miranda warnings. In that interview, defendant said, "I burned Erica, I placed her against the heater vent." Hagen asked defendant why he did that and his response was, "I have a problem with my children."

On cross-examination, Hagen testified that Emily Bland told him that defendant burned Erica and that defendant burned Eric. According to Hagen, Emily said that Eric was burned "either by having a baby bottle thrown in the crib or heated and placed on his belly."

Emily Bland testified that on November 5 and 6, 1988, she and defendant were at their home in Scott County. She testified that she had signed the written statement, Exhibit 6, which she had given to Detective Hagen. She said not everything in Exhibit 6 was true. The part which was not true was about her seeing defendant hold Erica

against the heater vent. She said everything else in the statement was true.

Emily said she told Detective Hagen that Eric was burned with a plastic bottle, that "[defendant] melted his bottle on the stove, and then after he melted it down he took it in to the bed and said, 'Now Eric could have his bottle,' and he threw it on the bed...."

Emily also testified, "[Defendant] poured the milk out of it first in the bathroom. He went to the stove and melted it, and then after he melted it he took it back to the bedroom and said 'Now Eric could have his bottle,' ... and he placed the bottle in the bed."

Later in her testimony Emily said that she told Detective Hagen that defendant "placed the bottle on Eric's navel.... He threw it on the bed by him. He was laying on his side and he threw the bottle on the bed, and I guess Eric rolled over onto the bottle, but I knew the bottle was real hot because I could see it when he did ... burned it." She admitted that she gave that statement to Detective Hagen and that the statement was true.

Emily also testified that on the date of the offense she was pregnant, and that one reason she did not take either child to the doctor was that defendant threatened her. "[Defendant] said if I was to take them to the hospital he was going to beat me up."

On cross-examination, Emily identified various letters she had written to the authorities. She said, "In almost all those letters I said that I lied when I told the police that [defendant] hurt Erica and Eric." Emily testified, "All those statements that the officer wrote down were lies."

The cross-examination closed with the following:

"Q. Emily, finally, did you ever see Eric Thomas, right here, burn either Erica or Eric?

A. No, I didn't see him burn her, but I know he threw that hot bottle on the bed."

On redirect examination, Emily stated that she had written all those letters because defendant "kept begging me and

asking me to write the letters and if I didn't write them he would act like he was mad at me. He wanted me to lie for him."

Emily also testified that Erica's chest was still scarred, "some of them were two inches long.... Eric's scars are still there too." The trial took place on January 19, 1990.

Defendant's brief challenges the credibility of the testimony of Emily Bland and argues that she wrote letters in which she stated that the contents of Exhibit 6, her written statement, were lies.

■ On this appeal, defendant has not challenged the admissibility of Exhibit 6 or any other portion of the foregoing evidence. Even if some of the evidence was hearsay, "the general rule is that inadmissible hearsay which goes in the record without objection may be considered by the jury in determining the facts." *State v. Thomas*, 440 S.W.2d 467, 470[3] (Mo.1969); *State v. Willis*, 283 S.W.2d 534, 537[2] (Mo. 1955). Moreover, in *State v. McMillin*, 783 S.W.2d 82, 98 (Mo. banc 1990), the court said: "[Section 491.074] authorizes admission as substantive evidence of a prior inconsistent statement of any witness testifying in the trial of an offense under §§ 565, 566 or 568."

As stated earlier in this opinion, this court must accept as true all evidence favorable to the state and disregard all contrary evidence. Conflicts in the evidence, the determination of credibility of the witnesses, and the weight to be given their testimony were within the province of the jury. *State v. Newberry*, 605 S.W.2d 117, 121 (Mo.1980); *State v. Gray*, 761 S.W.2d 240, 243 (Mo.App.1988).

Photographs of Eric in his injured condition, coupled with the testimony of Caldonia Bland, Willie Harrington, and Emily Bland, demonstrated that Eric sustained serious physical injury causing serious disfigurement. Detective Hagen, on cross-examination, testified that Emily told him that defendant burned Eric, either by having a baby bottle thrown in the crib or heated and placed on his belly. Emily testified that defendant poured milk out of the

bottle, then went to the stove and melted the bottle, and took it to the bedroom and placed the bottle in Eric's bed with the comment, "now Eric could have his bottle." On cross-examination by defense counsel, Emily testified, "I know [defendant] threw that hot bottle on the bed."

The foregoing evidence supported a finding by the jury that defendant caused serious physical injury to his one-year-old son Eric and that defendant did so knowingly. Defendant's point has no merit.

The judgment is affirmed.

PARRISH and SHRUM, JJ., concur.